UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

Francine Lee Hamel, Zuleimys Sosa,
Jennifer Rodriguez and, Johanexis O'Neill,
other similarly-situated individuals,

        Plaintiff(s),
vs.

Kreative Therapy & Rehab
Center, Inc. and Miguel A.
Mendez.
        Defendants.
_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(B))

The Plaintiff, Francine Lee Hamel, Zuleimys Sosa, Johanexis O'Neill, and Jennifer Rodriguez, by and through the undersigned counsel, sues the Defendants and allege:

1. This is an action to recover money damages for unpaid wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement)("the Act").

2. Plaintiff, Francine Lee Hamel is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Plaintiff, Zuleimys Sosa is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

4. Plaintiff, Jennifer Rodriguez is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

1

5. Plaintiff, Johanexis O'Neill is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

6. Defendants, Kreative Therapy & Rehab Center Inc. and Miguel A. Mendez, is a Florida Profit incorporation and a Florida resident, respectively, having their main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendants, and at all times material hereto were and are engaged in interstate commerce. The individual Defendants reside in Miami-Dade County, Florida.

7. The Plaintiff, Francine Lee Hamel, is a Rehabilitation Clinical Supervisor and Head Speech and Language Pathologist employee who performed various duties which included:, evaluating new patients, re-evaluating current patients, writing the evaluation results for doctors to review and sign in order for Medicaid/ insurance companies to pay for services, and writing the plan of care as dictated by the doctors, and, through her business activity, affect interstate commerce. The Plaintiff's work for the Defendants likewise affects interstate commerce. Plaintiff was employed by Defendants as a Speech and Language Pathology Assistant employee by Kreative Therapy & Rehab Center, Inc and Miguel A. Mendez.

8. The Plaintiffs, Zuleimys Sosa and Johanexis O'Neill, are Occupational Therapist Assistant employees who performed various duties which included: following therapy plan assigned by occupational therapists and assisting in physical therapy, and, through their business activity, affect interstate commerce. The Plaintiffs' work for the Defendants likewise affects interstate commerce. Plaintiff was employed by Defendants as a Occupational Therapist Assistant employees by Kreative Therapy & Rehab Center, Inc and Miguel A. Mendez.

9. The Plaintiff, Jennifer Rodriguez, is a Speech and Language Pathology Assistant employee who performed various duties which included: following speech plan assigned by speech pathologist and assisting in speech therapy and speech pathology, and, through her business activity, affect interstate commerce. The Plaintiff's work for the Defendants likewise affects interstate commerce. Plaintiff was employed by Defendants as a Speech and Language Pathology Assistant employee by Kreative Therapy & Rehab Center, Inc and Miguel A. Mendez

10. While employed by Defendants, the Defendants failed to pay the Plaintiff, Francine Lee Hamel for thirteen pay periods, Plaintiff Jennifer Rodriguez for five pay periods, Plaintiff Zuleimys Sosa for three pay periods, and Johanexis O'Neill for four pay periods.

11. Prior to the completion of discovery and to the best of Plaintiff's, Francine Lee Hamel, knowledge, at the time of the filing of this complaint, **Plaintiff's, good faith estimate of unpaid wages** are as follows:

**Actual Damages** plus interest, representing the amount of unpaid wages on a bi-weekly basis as follows:

- Pay period one (pay period ending March 21, 2016): Plaintiff worked 32 hours ($80.00 per hour) of unpaid wages for a total amount due of $2561.00.

- Pay period two (pay period ending March 28, 2016): Plaintiff worked 32 hours ($80.00 per hour) of unpaid wages for a total amount due of $2561.00.

- Pay period two (pay period ending April 4, 2016): Plaintiff worked 32 hours ($80.00 per hour) of unpaid wages for a total amount due of $2561.00.

- Pay period two (pay period ending April 11, 2016): Plaintiff worked 32 hours ($80.00 per hour) of unpaid wages for a total amount due of $2561.00.

- Pay period two (pay period ending April 18, 2016): Plaintiff worked 32 hours ($80.00 per hour) of unpaid wages for a total amount due of $2561.00.

- Pay period two (pay period ending April 25, 2016): Plaintiff worked 32 hours ($80.00 per hour) of unpaid wages for a total amount due of $2561.00.

- Pay period two (pay period ending May 2, 2016): Plaintiff worked 32 hours ($80.00 per hour) of unpaid wages for a total amount due of $2561.00.

- Pay period two (pay period ending May 16, 2016): Plaintiff worked 32 hours ($80.00 per hour) of unpaid wages for a total amount due of $2561.00.

- Pay period two (pay period ending May 23, 2016): Plaintiff worked 32 hours ($80.00 per hour) of unpaid wages for a total amount due of $2561.00.

- Pay period two (pay period ending May 30, 2016): Plaintiff worked 32 hours ($80.00 per hour) of unpaid wages for a total amount due of $2561.00.

- Pay period two (pay period ending June 6, 2016): Plaintiff worked 32 hours ($80.00 per hour) of unpaid wages for a total amount due of $2561.00.

- Pay period two (pay period ending June 13, 2016): Plaintiff worked 32 hours ($80.00 per hour) of unpaid wages for a total amount due of $2561.00.

- Pay period two (pay period ending June 20, 2016): Plaintiff worked 32 hours ($80.00 per hour) of unpaid wages for a total amount due of $2561.00.

- Various unpaid amounts (pay period January 4th, 2016 through March 14th, 2016) Plaintiff worked 32 hours ($80.00 per hour) of unpaid wages for a total amount due of $2,180.00

- The Plaintiff is also owed and additional amount of $9,600.00 of earned unpaid vacation time earned but never paid.

- Finally, the Plaintiff paid the employers matching FICA payments on behalf of the Defendants for another total of $15,988.50.

THEREFORE, the Plaintiff is owed a total of $61,048.50 in unpaid wages.

**Liquidated Damages** representing an equal amount in double damages/liquidated damages of: $61,048.50.

**TOTAL DAMAGES: $122,097.00 plus reasonable attorney's fees and costs of suit**.

12. Prior to the completion of discovery and to the best of Plaintiff's, Jennifer Rodriguez, knowledge, at the time of the filing of this complaint, **Plaintiff's, good faith estimate of unpaid wages** are as follows:

**Actual Damages** plus interest, representing the amount of unpaid wages on a bi-weekly basis as follows:

- Pay period one (pay period ending November 28, 2014): Plaintiff worked 65 hours ($25.00 per hour) of unpaid wages for a total amount due of $1,625.00.

- Pay period two (pay period ending December 12, 2014): Plaintiff worked 73 hours ($25.00 per hour) of unpaid wages for a total amount due of $1,825.00.

- Pay period three (pay period ending December 22, 2014): Plaintiff worked 39.5 hours ($25.00 per hour) of unpaid wages for a total amount due of $987.50.

- Pay period four (pay period ending June 9th, 2016): Plaintiff worked 43 hours ($23.00 per hour) of unpaid wages for a total amount due of $989.00.

- Pay period five (pay period ending June 22, 2016): Plaintiff worked 36 hours ($23.00 per hour) of unpaid wages for a total amount due of $828.00.

THEREFORE, the Plaintiff is owed a total of $6,254.50 in unpaid wages.

**Liquidated Damages** representing an equal amount in double damages/liquidated damages of: $6,254.50.

<u>**TOTAL DAMAGES: $12,509 plus reasonable attorney's fees and costs of suit**</u>.

13. Prior to the completion of discovery and to the best of Plaintiff's, Zuleimys Sosa, knowledge, at the time of the filing of this complaint, **Plaintiff's, good faith estimate of unpaid wages** are as follows:

**Actual Damages** plus interest, representing the amount of unpaid wages on a tri-weekly basis as follows:

6

- Pay period one (pay period ending June 10, 2016): Plaintiff worked 39.5 hours ($29.00 per hour) of which $1,000.00 remains due of unpaid wages for a total amount due of $1,000.00.

- Pay period two (pay period ending July 1, 2016): Plaintiff worked 30 hours ($27.00 per hour) then another 32.4 hours ($29.00) of unpaid wages for a total amount due of $2560.50.

- Pay period three (pay period ending June 24, 2016): Plaintiff worked 60 hours ($27.00 per hour) of unpaid wages for a total amount due of $1,620.00.

THEREFORE, the Plaintiff is owed a total of $5,180.00 in unpaid wages.

**Liquidated Damages** representing an equal amount in double damages/liquidated damages of: $5,180.00.

**TOTAL DAMAGES: $10,360.00 plus reasonable attorney's fees and costs of suit**.

14. Prior to the completion of discovery and to the best of Plaintiff's, Johanexis O'Neill, knowledge, at the time of the filing of this complaint, **Plaintiff's, good faith estimate of unpaid wages** are as follows:

**Actual Damages** plus interest, representing the amount of unpaid wages on a tri-weekly basis as follows:

- Pay period one (pay period ending May 13, 2016): Plaintiff worked 25.8 hours ($25.00 per hour) of unpaid wages for a total amount due of $1,937.50.

- Pay period two (pay period ending June 3, 2016): Plaintiff worked 22 hours ($25.00 per hour) of unpaid wages for a total amount due of $1,650.00.

- Pay period three (pay period ending June 24, 2016): Plaintiff worked 21.3 hours ($25.00 per hour) of unpaid wages for a total amount due of $1,600.00.

- Pay period four (pay period ending July 15, 2016): Plaintiff worked 20.3 hours ($25.00 per hour) of unpaid wages for a total amount due of $1,525.00.

THEREFORE, the Plaintiff is owed a total of $6,712.50 in unpaid wages.

**Liquidated Damages** representing an equal amount in double damages/liquidated damages of: $6,712.50.

**TOTAL DAMAGES: $13,425.00 plus reasonable attorney's fees and costs of suit**.

**COUNT I: FAILURE TO PAY**
**VIOLATION BY KREATIVE THERAPY & REHAB CENTER INC.**
**AND MANUEL A. MENDEZ**

15. Plaintiffs re-adopts each and every factual allegation as stated in paragraphs 1 through 14 above as if set out in full herein.

16. At all times material hereto, the Defendants, Kreative Therapy & Rehab Center Inc. and Manuel A. Mendez, failed to comply with Title 29 U.S.C. §§201-219 and 29 C.F.R. and § 516.2 and §516.4 et seq. in that the Plaintiffs, Francine Lee Hamel, Zuleimys Sosa, Johanexis O'Neill, and Jennifer Rodriguez performed services and no provision was made by the Defendants to properly pay them as required by the act. The additional persons who may become Plaintiffs in this action were weekly paid employees and/or former employees of the Defendants, Kreative Therapy & Rehab Center Inc., and Manuel A. Mendez, who are and who were subject to the unlawful payroll practices and procedures of the Defendants.

17. The Defendants, Kreative Therapy & Rehab Center Inc., and Manuel A. Mendez, knew and/or showed reckless disregard for the provisions of the Act concerning the payment of

8

wages required by the Fair Labor Standards Act (FLSA) and remain owing the Plaintiffs, Francine Lee Hamel, Zuleimys Sosa, Johanexis O'Neill, and Jennifer Rodriguez unpaid wages as set forth above.

18. The Plaintiffs, Francine Lee Hamel, Zuleimys Sosa, Johanexis O'Neill, and Jennifer Rodriguez are entitled to recover double damages. Defendants, Kreative Therapy & Rehab Center Inc., and Manuel A. Mendez never posted any notice, as required by the Fair Labor Standards Act (FLSA) and Federal Law, to inform employees of their federal rights to minimum wage payments.

19. The Defendants, Kreative Therapy & Rehab Center Inc., and Manuel A. Mendez willfully and intentionally refused to pay the Plaintiffs, Francine Lee Hamel, Zuleimys Sosa, Johanexis O'Neill, and Jennifer Rodriguez wages as required by the law of the United States as set forth above and remains owing Plaintiff these unpaid wages since November 2014.

20. The Plaintiffs, Francine Lee Hamel, Zuleimys Sosa, Johanexis O'Neill, and Jennifer Rodriguez have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay reasonable attorney's fee.

21. The Defendants, Kreative Therapy & Rehab Center Inc., and Manuel A. Mendez, have violated the FLSA's prompt payment requirement by failing to pay Plaintiffs, Francine Lee Hamel, Zuleimys Sosa, Johanexis O'Neill, and Jennifer Rodriguez promptly.

22. The Defendants, Kreative Therapy & Rehab Center Inc., and Manuel A. Mendez violation of FLSA provisions concerning prompt, regular payment of wages were willful.

23. The Defendants, Kreative Therapy & Rehab Center Inc., and Manuel A. Mendez knew and/or showed reckless disregard for the provisions of the FLSA and its regulations concerning prompt, regular payment of wages.

24. The Plaintiffs, Francine Lee Hamel, Zuleimys Sosa, Johanexis O'Neill, and Jennifer Rodriguez are entitled to recover liquidated damages in an amount equal the actual damages for Defendant's FLSA violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs and those similarly-situated request that this Honorable Court:

A. Enter judgment for Plaintiffs and other similarly-situated individuals and against the Defendants, **Kreative Therapy & Rehab Center Inc., and Manuel A. Mendez** on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid wages and with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff and those similarly-situated individuals demand trial by jury of all issues triable as of right by jury.

Respectfully submitted,

JARA & ASSOCIATES, P.A.
19 West Flagler Street, Suite 504
Miami, Florida 33130
Telephone: (305) 372-0290
Facsimile: (305) 675-0383
E-filing: info@jaralaw.com

By: /s/ Franklin A. Jara
　　Franklin Antonio Jara, Esq.
　　Fla. Bar No. 636681